UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MENES ANKH EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01094-JMS-KMB |
| ) | |
| STATE OF INDIANA, ) | |
| COUNTY OF MARION, ) | |
| CITY OF INDIANAPOLIS, ) | |
| ) | |
| Defendants. ) | |

## ENTRY GRANTING MOTION FOR LEAVE TO PROCEED
## *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Presently pending before the Court are *pro se* Plaintiff Menes Ankh El's[1] Complaint, [Filing No. 1], and Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2], Motion for Preliminary Injunction and Emergency Restraining Order, [Filing No. 3], and Motion for Service by Email [Filing No. 6]. This Entry addresses Plaintiff's motions and screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2).

### I.
### MOTION TO PROCEED *IN FORMA PAUPERIS*

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2], meets this standard and is therefore GRANTED. 28 U.S.C. § 1915(a).

---

[1] Plaintiff is also known as Wendell Brown (the name under which he has been prosecuted in Indiana state court) and Wendell Brown-El.

The Court notes that while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $402 filing fee includes a $52 administrative fee, but that the administrative fee "does not apply to . . . persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### B. Complaint

In the introduction to his complaint, Plaintiff states "I, Menes Ankh El, initiate this action for damages caused by the Defendants' commercial fraud. The defendants defrauded [m]e out of 9 irreplaceable years of [m]y life through fraudulent commercial actions and the deliberate and forceful misapplication of their administrative statutes, committing[] fraud, slavery and peonage." [Filing No. 1 at 1.] The gravamen of Plaintiff's Complaint is that he is a "National of the Moorish Republic" he is not a United States citizen and therefore not subject to Indiana law. Accordingly, he claims, the state courts that adjudicated his state criminal cases and sentenced him to incarceration lacked jurisdiction over him. [Filing No. 1 at 3, 7-9.] He posits that the Defendants "commercial fraud," which landed him in prison, constituted unlawful slavery.

### III.
### DISCUSSION

Plaintiff's arguments are similar to "sovereign citizen" theories that have been rejected repeatedly by the courts as frivolous and a waste of court resources. *See, e.g.*, *McCauley-Bey v. Meuris*, No. 21-2149, 2022 WL 1055560 (7th Cir. April 8, 2022) (rejecting plaintiff's argument that his status as a "Moorish American national" placed him outside the laws or authority of Illinois); *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (suit to enjoin state and county officials from taxing real estate based on plaintiff's alleged Moorish origin was frivolous); *Ankh El v. Superintendent*, No. 17-1835 (7th Circuit Aug. 24, 2017) (affirming dismissal of this plaintiff's complaint and observing that plaintiff's "arguments — based on his belief that he is not a United

States citizen because he is a 'Moorish American national' — are frivolous."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign citizen-type theories should be "rejected summarily" because "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *United States v. Toader*, 409 Fed. App'x 9, 13 (7th Cir. 2010) (rejecting challenge to district court's jurisdiction by defendant asserting that he was Moorish national). Plaintiff's Complaint is patently frivolous and must be **dismissed**. Because this Complaint is frivolous and it is clear that any amendment would be futile, this dismissal is **with prejudice**. *See Moorish Science Temple of America ex rel. McCauley v. McCrory*, 22-cv-475-WMC, 2022 WL 5241859 (W.D. Wis. Oct. 6, 2022) (dismissing Moorish national plaintiff's frivolous action with prejudice without leave to amend). All remaining pending motions will be **denied as moot.**

## IV.
### WARNING TO ABUSIVE LITIGANT

This is Plaintiff's twenty-first action in this Court. All of his cases involved similar assertions of Moorish National status and all were dismissed. These dismissals spawned a whopping seventeen appeals to the Seventh Circuit. After a three-year hiatus, Plaintiff has returned to this Court, filing this case and two others on June 22, 2023. Plaintiff's filing practices, while perhaps once merely frivolous, have become abusive and are a waste of this Court's limited resources. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45

F.3d 185, 186 (7th Cir. 1995) (collecting cases). *See also O'Quinn v. Gaetz*, No. 3:13-CV-1342-JPG-PMF, 2014 WL 6455993, at *1 (S.D. Ill. Sept. 24, 2014) ("When a litigant wastes judicial resources and burdens the Clerk's office with motions and pleadings that are often denied or dismissed, the Court has authority to impose appropriate restrictions on additional litigation.")

Plaintiff's pattern of abusive litigation in this Court must stop. He is now **warned** that future frivolous filings may result in sanctions, including possible restrictions on filing new actions.

## V.
### Conclusion

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, [2], is **GRANTED**.

2. Plaintiff's Complaint, [1], is **DISMISSED WITH PREJUDICE**.

3. Plaintiff's Motion for Preliminary Injunction and for Emergency Restraining Order, [3] is **DENIED AS MOOT**.

4. Plaintiff's Motion for Service by Email [6] is **DENIED AS MOOT**.

Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 7/12/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MENES ANKH EL
P.O. Box 88062
Indianapolis, IN 46208